IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GONZALES HARGROVE, #158 373, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-697-WKW |
| | ) | [WO] |
| KIM T. THOMAS, COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate now incarcerated at the Draper Correctional Facility in Elmore, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on July 23, 2014, against Commissioner Kim Thomas. He complains that during his incarceration at the Limestone Correctional Facility from March 2006 through 2009 he was subjected to discrimination due to his HIV status. Because of his HIV status Plaintiff claims he was ineligible for transfer to other correctional facilities and that during his incarceration at Limestone he was barred from being housed in certain dorms, he could not enter the kitchen facility, he could not visit with general population inmates, and his medical confidentiality was breached because he had to wear a colored armband. Plaintiff further alleges he was released on parole and complains that he had to pay parole fees for ten months. He requests reimbursement of the parole fees he paid, and damages for cruel and unusual punishment and emotional stress because of living in fear, being locked down, and breach of his medical status. *Doc. No. 1* at 3-4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

Plaintiff names Commissioner Kim Thomas as the sole defendant. Plaintiff's allegations, however, allege purely generalized and conclusory allegations that fail to assert those material facts necessary to establish a viable claim against Defendant Thomas. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff's complaint identifies no facts that allow the court to make any plausible inference that any conduct he attributes to Defendant Thomas amounted to a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp., v. Twombly,* 550 U.S. 555, 555 (2007) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler County,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). It is not sufficient to merely allege that a defendant violated a constitutional right.

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a defendant allegedly amounted to a violation of his constitutional rights. *See Id.* Because Plaintiff's generalized assertions against Defendant Thomas are unsupported by any specific factual allegations, they are insufficient to state a claim under § 1983 and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)

Even had Plaintiff named a proper defendant to his complaint, it is nonetheless subject to dismissal as it is filed beyond the applicable statute of limitation. As the actions about which Plaintiff complains occurred from March 2006 through 2009, it is clear from the face of the complaint that Plaintiff's claims relating to the conditions of confinement at the Limestone Correctional Facility are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that

> limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406.
> 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the
> applicable limitations period is the one in effect when the claim
> is filed, not when the cause of action arose. *Tyson v . Johns
> Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The actions about which Plaintiff complains occurred from March 2006 through 2009. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[2] Consequently, the applicable statute of limitations expired on the claims arising from Plaintiff's alleged unconstitutional conditions of confinement between March 2008 and 2011. Plaintiff filed the instant complaint on July 23, 2014. This filing, with respect to his claims, was more than two years after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983,

---

[2] The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

4

it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, regarding those claims related to the conditions under which he was housed at Limestone from March 2006 through 2009, is brought more than two years after the violations about which he complains accrued. In light of the

foregoing, the court concludes that Plaintiff's complaint is barred by the applicable statute of limitations and, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The § 1983 claims presented against Defendant Kim Thomas be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Plaintiff's challenge to the constitutionality of the conditions of his confinement at the Limestone Correctional Facility which occurred from March 2006 through 2009 be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as such claims are not filed within the time prescribed by the applicable period of limitations; and

3.   This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that  on or before **November 18, 2014**, Plaintiff may file an objection to the  Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of November, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE